UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VICTORIA SALLIE,

      Plaintiff,

v.

BENTON HARBOR AREA SCHOOLS,
KELVIN BUTTS, in his individual and official
capacity; MARVIN MCDERMOTT, in his
individual and official capacity; FRED
ROSEBURGH, in his individual and official
capacity; DEMARCUS BLAND, in his individual
and official capacity; JIMMY CALDWELL, in his
individual and official capacity,

      Defendants.

_____/

Case No.:

Hon.

## NOTICE OF REMOVAL

## EXHIBIT 1

Approved, SCAO

Original - Court
1st copy - Defendant

2nd copy - Plaintiff
3rd copy - Return

| STATE OF MICHIGAN | | CASE NUMBER |
|---|---|---|
| **JUDICIAL DISTRICT** | **SUMMONS** | 2026-0077-CZ |
| 2nd **JUDICIAL CIRCUIT** | | Hon. CHARLES T. LASATA |
| **COUNTY** | | |

Court address

811 Port Street, 3rd Floor, St. Joseph, MI 49085

Court telephone number

269-982-8683

| Plaintiff's name, address, and telephone number | | Defendant's name, address, and telephone number |
|---|---|---|
| Victoria Sallie | v | DEMARCUS BLAND<br>870 Colfax Avenue<br>Benton Harbor, MI 49022<br>(269) 605-1200 |

Plaintiff's attorney bar number, address, and telephone number

Eric D. Delaporte (P69673); Gina E. Goldfaden (P86863)
Delaporte Lynch, PLLC
210 State St.
Mason, MI 48854
(517) 999-2626

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (MC 21). The summons section will be completed by the court clerk.

## Domestic Relations Case

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

## Civil Case

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☒ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in  ☐ this court,  ☐ _____ Court, where

it was given case number _____ and assigned to Judge _____

The action  ☐ remains  ☐ is no longer   pending.

Summons section completed by court clerk.

## SUMMONS

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside of Michigan).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date | Expiration date* | Court clerk |
|---|---|---|
| MAR 0 4 2026 | JUN 0 2 2026 | STACY LOAR-PORTER |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01   (3/23)  **SUMMONS**

MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

| | |
|---|---|
| Approved, SCAO | Original - Court<br>1st copy - Defendant | 2nd copy - Plaintiff<br>3rd copy - Return |

| STATE OF MICHIGAN<br>**JUDICIAL DISTRICT**<br>2nd **JUDICIAL CIRCUIT**<br>**COUNTY** | **SUMMONS** | **CASE NUMBER**<br>2026- 0077-CZ<br>Hon. CHARLES T. LASATA |
|---|---|---|

**Court address**

811 Port Street, 3rd Floor, St. Joseph, MI 49085

Court telephone number
269-982-8683

Plaintiff's name, address, and telephone number

Victoria Sallie

v

Defendant's name, address, and telephone number

**KELVIN BUTTS**
870 Colfax Avenue
Benton Harbor, MI 49022
(269) 605-1200

Plaintiff's attorney bar number, address, and telephone number

Eric D. Delaporte (P69673); Gina E. Goldfaden (P86863)
Delaporte Lynch, PLLC
210 State St.
Mason, MI 48854
(517) 999-2626

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☒ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court, where

it was given case number _____ and assigned to Judge _____

The action ☐ remains ☐ is no longer  pending.

Summons section completed by court clerk.    **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside of Michigan).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date MAR 0 4 2026 | Expiration date* JUN 0 2 2026 | Court clerk STACY LOAR-PORTER |
|---|---|---|

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01  (3/23)  **SUMMONS**          MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

Original - Court
1st copy - Defendant

2nd copy - Plaintiff
3rd copy - Return

Approved, SCAO

| STATE OF MICHIGAN<br>**JUDICIAL DISTRICT**<br>2nd **JUDICIAL CIRCUIT**<br>**COUNTY** | **SUMMONS** | **CASE NUMBER**<br>2026-0077-CZ<br>Hon.<br>CHARLES T. LaGATTA |
|---|---|---|

Court telephone number
269-982-8683

**Court address**
811 Port Street, 3rd Floor, St. Joseph, MI 49085

| Plaintiff's name, address, and telephone number | | Defendant's name, address, and telephone number |
|---|---|---|
| Victoria Sallie | v | JIMMY CALDWELL<br>870 Colfax Avenue<br>Benton Harbor, MI 49022<br>(269) 605-1200 |

Plaintiff's attorney bar number, address, and telephone number

Eric D. Delaporte (P69673); Gina E. Goldfaden (P86863)
Delaporte Lynch, PLLC
210 State St.
Mason, MI 48854
(517) 999-2626

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (MC 21). The summons section will be completed by the court clerk.

## Domestic Relations Case

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

## Civil Case

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☒ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court, where

it was given case number _____ and assigned to Judge _____

The action ☐ remains ☐ is no longer  pending.

Summons section completed by court clerk.

**SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside of Michigan).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>MAR 0 4 2026 | Expiration date*<br>JUN 0 2 2026 | Court clerk<br>STACY LOAR-PORTER |
|---|---|---|

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01   (3/23)   **SUMMONS**

MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

Approved, SCAO

Original - Court
1st copy - Defendant

2nd copy - Plaintiff
3rd copy - Return

| STATE OF MICHIGAN<br>**JUDICIAL DISTRICT**<br>**2nd JUDICIAL CIRCUIT**<br>**COUNTY** | **SUMMONS** | **CASE NUMBER**<br>2026-0077-CZ<br>Hon. CHARLES T. LaSATA |
|---|---|---|

**Court address**

811 Port Street, 3rd Floor, St. Joseph, MI 49085

**Court telephone number**
269-982-8683

| Plaintiff's name, address, and telephone number<br><br>Victoria Sallie | v | Defendant's name, address, and telephone number<br><br>Marvin McDermott<br>870 Colfax Avenue<br>Benton Harbor, MI 49022<br>(269) 605-1200 |
|---|---|---|
| Plaintiff's attorney bar number, address, and telephone number<br><br>Eric D. Delaporte (P69673); Gina E. Goldfaden (P86863)<br>Delaporte Lynch, PLLC<br>210 State St.<br>Mason, MI 48854<br>(517) 999-2626 | | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☒ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court, where

it was given case number _____ and assigned to Judge _____

The action ☐ remains ☐ is no longer  pending.

Summons section completed by court clerk.            **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside of Michigan).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>MAR 0 4 2026 | Expiration date*<br>JUN 0 2 2026 | Court clerk<br>STACY LOAR-PORTER |
|---|---|---|

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01    (3/23)  **SUMMONS**                            MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

Approved, SCAO

Original - Court
1st copy - Defendant

2nd copy - Plaintiff
3rd copy - Return

| STATE OF MICHIGAN | SUMMONS | CASE NUMBER |
|---|---|---|
| **JUDICIAL DISTRICT** <br> 2nd **JUDICIAL CIRCUIT** <br> **COUNTY** | | 2026-0077-CZ <br> Hon. CHARLES T. LASATA |

**Court address**

811 Port Street, 3rd Floor, St. Joseph, MI 49085

Court telephone number
269-982-8683

| Plaintiff's name, address, and telephone number | | Defendant's name, address, and telephone number |
|---|---|---|
| Victoria Sallie | v | FREDRICK ROSEBURGH <br> 870 Colfax Avenue <br> Benton Harbor, MI 49022 <br> (269) 605-1200 |

Plaintiff's attorney bar number, address, and telephone number

Eric D. Delaporte (P69673); Gina E. Goldfaden (P86863)
Delaporte Lynch, PLLC
210 State St.
Mason, MI 48854
(517) 999-2626

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (MC 21). The summons section will be completed by the court clerk.

## Domestic Relations Case

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

## Civil Case

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☒ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court, where

it was given case number _____ and assigned to Judge _____

The action ☐ remains ☐ is no longer   pending.

Summons section completed by court clerk.          **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside of Michigan).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date | Expiration date* | Court clerk |
|---|---|---|
| MAR 0 4 2026 | JUN 0 2 2026 | STACY LOAR PORTER |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01   (3/23)   **SUMMONS**          MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

Approved, SCAO

| | | | Original - Court | 2nd copy - Plaintiff |
| | | | 1st copy - Defendant | 3rd copy - Return |

| STATE OF MICHIGAN | | CASE NUMBER |
| **JUDICIAL DISTRICT** | **SUMMONS** | 2026-0077-CZ |
| **2nd JUDICIAL CIRCUIT** | | Hon. CHARLES T. LASATA |
| **COUNTY** | | |

**Court address**

811 Port Street, 3rd Floor, St. Joseph, MI 49085

**Court telephone number**
269-982-8683

| Plaintiff's name, address, and telephone number | | Defendant's name, address, and telephone number |
| Victoria Sallie | v | BENTON HARBOR AREA SCHOOLS<br>870 Colfax Avenue<br>Benton Harbor, MI 49022<br>(269) 605-1200 |

Plaintiff's attorney bar number, address, and telephone number

Eric D. Delaporte (P69673); Gina E. Goldfaden (P86863)
Delaporte Lynch, PLLC
210 State St.
Mason, MI 48854
(517) 999-2626

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☒ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court, where

it was given case number _____ and assigned to Judge _____

The action ☐ remains ☐ is no longer   pending.

Summons section completed by court clerk.

**SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside of Michigan).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date | Expiration date* | Court clerk |
| MAR 0 4 2026 | JUN 0 2 2026 | STACY LOAR-PORTER |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01   (3/23)   **SUMMONS**                    MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

Summons   (3/23)

Case Number  2026-0077 CZ

## PROOF OF SERVICE

**TO PROCESS SERVER:** You must serve the summons and complaint and file proof of service with the court clerk before the expiration date on the summons. If you are unable to complete service, you must return this original and all copies to the court clerk.

## CERTIFICATE OF SERVICE / NONSERVICE

☐ I served  ☐ personally  ☐ by registered or certified mail, return receipt requested, and delivery restricted to the addressee (copy of return receipt attached)   a copy of the summons and the complaint, together with the attachments listed below, on:

☐ I have attempted to serve a copy of the summons and complaint, together with the attachments listed below, and have been unable to complete service on:

| Name | Date and time of service | |
|---|---|---|
| Place or address of service | | |
| Attachments (if any) | | |

☐ I am a sheriff, deputy sheriff, bailiff, appointed court officer or attorney for a party.

☐ I am a legally competent adult who is not a party or an officer of a corporate party. I declare under the penalties of perjury that this certificate of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled | Fee $ | | Signature | |
|---|---|---|---|---|---|
| Incorrect address fee $ | Miles traveled | Fee $ | TOTAL FEE $ | Name (type or print) | |

## ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of a copy of the summons and complaint, together with

_____ on _____.
Attachments (if any)                  Date and time

_____ on behalf of _____
Signature

_____
Name (type or print)

MCL 600.1910, MCR 2.104, MCR 2.105

# STATE OF MICHIGAN

## 2ND JUDICIAL CIRCUIT COURT OF BERRIEN COUNTY

VICTORIA SALLIE,

Plaintiff,

Case No. 2026-0077 CZ
Hon.

v.

CHARLES T. LASATA

BENTON HARBOR AREA SCHOOLS,
KELVIN BUTTS, in his individual and official capacity;
MARVIN MCDERMOTT, in his individual and official capacity;
FRED ROSEBURGH, in his individual and official capacity;
DEMARCUS BLAND, in his individual and official capacity;
JIMMY CALDWELL, in his individual and official capacity;

Defendants.

DUPLICATE ORIGINAL

_____

Eric D. Delaporte (P69673)
Gina E. Goldfaden (86863)
DELAPORTE LYNCH, PLLC
Attorney for Plaintiff
210 State St., Suite B
Mason, MI 48854
(517) 999-2626
eric@delaportelynch.com
gina@delaportelynch.com

_____

## COMPLAINT AND JURY DEMAND

1

## INTRODUCTION

NOW COMES Ms. Victoria Sallie, by and through her attorney, Eric Delaporte of Delaporte Lynch, PLLC, and files her Complaint against Defendants for violations of the Elliott-Larsen Civil Rights Act; violations of Title IX of the Education Amendments of 1972; retaliatory termination in violation of public policy; and intentional infliction of emotional distress.

## JURISDICTION AND VENUE

1. Plaintiff Victoria Sallie is an individual who resides in Berrien County, Michigan.

2. Benton Harbor Area Schools (hereinafter, "BHAS," or "BHAS"), is a public school district situated entirely in Berrien County, Michigan, in this Honorable Court's territorial jurisdiction.

3. During all relevant times, Victoria Sallie was an employee at Benton Harbor Area Schools and an individual.

4. During all relevant times, Kelvin Butts was the Superintendent of Benton Harbor Area Schools and an individual.

5. During all relevant times, Marvin McDermott was the Director of Human Resources at Benton Harbor Area Schools and an individual.

6. During all relevant times, Frederick Roseburgh was a Middle School Principal at Benton Harbor Area Schools and an individual.

7. During all relevant times, Demarcus Bland was an employee at Benton Harbor Area Schools and an individual.

8. During all relevant times, Jimmy Caldwell was an employee at Benton Harbor Area Schools and an individual.

9. All of the acts complained of herein occurred within the boundaries of this Honorable Court's territorial jurisdiction.

10. Plaintiff's requested monetary relief exceeds $25,000.00.

11. Thus, legal jurisdiction and venue are proper in this Honorable Court.

## GENERAL ALLEGATIONS

12. Plaintiff, Ms. Victoria Sallie, worked at Benton Harbor Area Schools for nearly 15 years before she was constructively discharged in 2024.

13. In 2022, Ms. Sallie suffered the tragic loss of her young daughter. Following the death of her child, Ms. Sallie took a temporary bereavement.

14. Ms. Sallie returned to work at BHAS in March 2023.

15. Approximately two weeks after her return, Ms. Sallie's coworker, Demarcus Bland, began bullying Ms. Sallie, and falsely accusing her of stealing his designer sunglasses

16. Demarcus Bland repeatedly claimed he had caught Ms. Sallie on video, proclaiming his accusation to various other district employees, administrators, and students.

17. Defendant Bland, in furtherance of his bullying and intimidation, followed Ms. Sallie through District buildings, laughing at her and accusing her of theft.

18. Ms. Sallie, in one instance of Defendant Bland's exploits, discovered that Bland had nearly 30 videos of Ms. Sallie on his personal cellphone. Defendant Bland recorded the videos of Ms. Sallie by spying on her through the BHAS security office.

19. Ms. Sallie repeatedly reported Defendant Bland's behavior to Mr. McDermott in Human Resources, to Superintendent Kelvin Butts, and to Principal Roseburgh.

3

20. Mr. McDermott, Dr. Butts, and Principal Roseburgh did nothing to stop Defendant Bland, and Demarcus Bland's intimidating and disparaging behavior persisted for months without relief in violation of Board policy.

21. One day, Ms. Sallie arrived to pick up her son from sports practice, finding her son was visibly upset. When Ms. Sallie asked what was wrong, her son disclosed that Bland was showing other students, employees, and coaches the videos of his mother, claiming that she stole his sunglasses.

22. Ms. Sallie spoke with the Assistant Principal, Trevin Alexander, after the incident, expressing her frustration that nothing had been done to stop or address Mr. Bland's behavior. Mr. Alexander confirmed that he was shown the videos as well, and that Bland showed the videos to other students, employees, and coaches.

23. Following her return to work, another employee, Jimmy Caldwell, repeatedly sexually harassed Ms. Sallie by commenting on her buttocks, sending her "kissy faces," and making unwanted, pervasive, and severe suggestive advances, resulting in a hostile work environment.

24. Ms. Sallie continued to lodge complaints about these employees to Defendants McDermott, Butts, and Roseburgh.

25. Principal Roseburgh assured Ms. Sallie he would speak to Defendants Bland and Caldwell; yet, rather than discipline the two employees harassing Ms. Sallie, the men were altogether protected.

26. Principal Roseburgh did not reprimand, discipline, or punish Bland or Caldwell or take any action to end their harassment; in Defendant Bland's case, Roseburgh *promoted* him to the position of Student Advocate.

4

27. After months of harassment, Ms. Sallie confided in Trooper Burton at BHAS, desperately hoping someone at the District would address her pleas and keep her safe.

28. Ms. Sallie informed Trooper Burton that BHAS refused to address the bullying and sexual harassment, and that Defendant Bland was still circulating private videos of Ms. Sallie months later.

29. Upon his own investigation, Trooper Burton confirmed that Mr. Bland still had videos and was showing them to others. Trooper Burton's investigation confirmed Ms. Sallie's fear that Defendants McDermott, Butts, and Roseburgh did not act on any of her prior complaints.

30. The hostile, intimidating, and sexually charged work environment continued for months without a single intervention, even after Ms. Sallie repeatedly reported the incidents to Defendants McDermott, Butts, and Roseburgh.

31. In or around January 2024, Ms. Sallie reached a breaking point from the sustained, prolonged, and unescapable abuse, becoming verbally frustrated with Defendant Bland, swearing at him.

32. Immediately following the incident, without so much as a cursory investigation, Defendant McDermott called Ms. Sallie to his office to meet with the Superintendent and several others to discipline her.

33. Plaintiff was forced to resign upon realizing that her supervisors were only interested in protecting Ms. Sallie's harassers and abusers, not the victim, and that she would be forced back into the unreasonable, pervasive, severe hostile and discriminatory work environment which she could no longer endure.[1]

---

[1] Plaintiff notes that, following her departure from BHAS, she observed Defendants dining together at Applebee's, sharing a meal and laughing amongst friends.

## COUNT I – VIOLATION OF THE
## ELLIOTT-LARSEN CIVIL RIGHTS ACT

### *as to all Defendants except Bland*

34. Plaintiff incorporates the previous paragraphs as if contained herein.

35. The Elliott-Larsen Civil Rights Act ("ELCRA") prohibits an employer from discharging an employee, allowing or creating a hostile work environment, failing to remediate a hostile work environment, or otherwise discriminating against an individual because of their sex. MCL 37.2202.

36. ELCRA further prohibits an employer from retaliating against an employee who has (1) opposed unlawful discrimination by making a charge of discrimination, lodging a complaint of discrimination, or otherwise participating in enforcement proceedings, or (2) opposed a violation of the statute. *Minnis v. McDonnell Douglas Tech. Servs. Co.*, 162 F. Supp. 2d 718 (E.D. Mich. 2001).

37. Defendant Caldwell subjected Ms. Sallie to severe and pervasive sexual harassment and the creation of a hostile work environment in violation of ELCRA by the following acts and omissions, which include, but are not limited to:

    a. Defendant Caldwell commenting on Ms. Sallie's buttocks;

    b. Defendant Caldwell making kissy faces at Ms. Sallie; and,

    c. Defendant Caldwell making other sexual advances towards Ms. Sallie.

38. Ms. Sallie engaged in protected activity by repeatedly lodging complaints of sexual harassment and opposing conduct considered unlawful under ELCRA.

39. Defendants Butts, McDermott, and Roseburgh violated ELCRA when they retaliated against Ms. Sallie for making complaints of sexual harassment by seeking to terminate and/or discipline Plaintiff for defending herself, and by failing to remediate or take any

6

reasonable action to eliminate sexual harassment and discrimination, including the creation of a hostile work environment.

40. Despite Ms. Sallie reporting this pervasive and severe sexual harassment to Defendants McDermott, Butts, and Roseburgh, Defendants failed to investigate and refused to take any corrective action or discipline.

41. Defendant Caldwell, a male employee of the District, was similarly situated to Ms. Sallie in all relevant aspects.

42. Defendant Caldwell was protected and rewarded for his violations of law, whereas Ms. Sallie was abandoned, ignored, and forced to resign for reporting her male abuser to the District.

43. Defendants McDermott, Butts, and Roseburgh's acts, omissions, and deliberate indifference resulted in sustained sexual harassment against Ms. Sallie, placing an already vulnerable and grieving mother into a hostile work environment.

44. In retaliation for Ms. Sallies' reports of sexual harassment, Defendants McDermott, Butts, and Roseburgh ignored her; protected her abuser; and ultimately forced Ms. Sallie to resign by enabling Defendant Caldwell's abuse.

45. As a result of Defendants' violations of ELCRA, Ms. Sallie suffered economic and non-economic damages.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find that Defendants' actions violated the Elliott-Larsen Civil Rights Act and forced Plaintiff's discharge from employment, and award Plaintiff her damages, including compensatory, exemplary, and punitive damages, and the costs of this action, including reasonable attorney's fees and costs, in

7

an amount of not less than two million dollars, including damages for physical and emotional injuries.

## COUNT II – VIOLATION OF
## (20 U.S.C ¶ 1681, *et seq.*)

### *as to Defendants Benton Harbor Area Schools, Butts, McDermott, and Roseburgh*

46. Plaintiff incorporates the previous paragraphs as if contained herein.

47. Benton Harbor Area Schools receives federal funding and assistance, and is, therefore, subject to Title IX.

48. "[A]n employer is responsible for acts of sexual harassment in the workplace where the employer (or its agents or supervisory employees) knows or should have known of the conduct." *See, e.g., Pierce v. Commonwealth Life Ins. Co.*, 40 F.3d 796, 804 (6th Cir. 1994).

49. To show respondeat superior liability, plaintiff must prove "that the employer, through its agents or supervisory personnel, knew or should have known of the charged sexual harassment and failed to implement prompt and appropriate corrective action." *Id.*

50. Defendants Butts, McDermott, and Roseburgh were officials with authority to take corrective action in the District.

51. Defendants Butts, McDermott, and Roseburgh had actual knowledge of sexual discrimination and harassment through Ms. Sallie's repeated reports to all three individuals.

52. Defendants responded with deliberate indifference by refusing to investigate her complaints; failing to discipline the perpetrator; and protecting the perpetrator, not the victim, in the wake of severe and pervasive sexual harassment.

53. Defendants' acts and omissions created a work environment that was so intolerable, intimidating, and unsafe, that they forced Ms. Sallie's resignation.

8

54. As a result of Defendants violations of Title IX, Ms. Sallie suffered economic and non-economic damages.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find that Defendants violated Title IX, and, in doing so, forced Plaintiff's discharge from employment in violation of Title IX, and award Plaintiff her damages, including compensatory, exemplary, and punitive damages, and the costs of this action, including reasonable attorney's fees and costs, in an amount of not less than two million dollars, including damages for physical and emotional injuries.

## COUNT III – WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY

### *as to Defendants Benton Harbor Area Schools, Butts, McDermott, and Roseburgh*

55. Plaintiff incorporates the previous paragraphs as if contained herein.

56. In the alternative, Plaintiff was forced to endure intolerable harassment and constructive discharge because of Defendant Bland's actions and the Defendants' failure to remedy, including, but not limited to:

   a. Defendant Bland's secret and surreptitious recording of Ms. Sallie on his personal cellphone, during work hours, and using those recordings to harass and bully Ms. Sallie;

   b. Defendant Bland's stalking of Ms. Sallie in the hallways;

   c. Defendant Bland's other bullying and defamatory behavior designed to intimidate, harass, and bully Ms. Sallie; and,

   d. Defendants' failure to address and remedy the above behavior.

57. Defendants Butts, McDermott, and Roseburgh were aware of Plaintiff's complaints, as Ms. Sallie complained directly to all three Defendants on several occasions.

9

58. Rather than respond to the complaints, Defendants ignored the victim, failed to protect the victim, and protected the abuser.

59. Defendants' acts and omissions detailed herein created a work environment that was so intolerable, intimidating, and unsafe, that they forced Ms. Sallie's resignation.

60. Defendants McDermott, Butts, and Roseburgh were further aware that Ms. Sallie experienced severe and pervasive bullying and harassment.

61. Defendants McDermott, Butts, and Roseburgh subsequently retaliated against Plaintiff by consulting discharging her for having voiced her concerns following months of deliberate indifference by the District.

62. BHAS' unsafe, toxic, predatory work environment became so intolerable that Ms. Sallie was constructively discharged after 15 years of dedicated service to Benton Harbor Area Schools.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find that Defendants wrongfully discharged Ms. Sallie in violation of public policy by forced Plaintiff's discharge from employment in violation of public policy and award Plaintiff her damages, including compensatory, exemplary, and punitive damages, and the costs of this action, including reasonable attorney's fees and costs, in an amount of not less than two million dollars, including damages for physical and emotional injuries.

## COUNT IV – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### *as to all Defendants*

63. Plaintiff incorporates the previous paragraphs as if contained herein.

64. All Defendants, or those acting on behalf of, or conspiring with Defendants, intentionally inflicted emotional distress upon Plaintiff through the actions on inactions detailed above.

10

65. The Defendants' conduct was extreme, outrageous, and went beyond all bounds of decency.

66. The extreme and outrageous conduct by Defendants caused Plaintiff significant emotional distress, including but not limited to feelings of helplessness, fear, depression, and frustration.

67. Defendants' extreme and outrageous conduct ultimately constructive discharged Plaintiff from her 15-year long employment with the District.

68. As a direct and proximate result of Defendants' extreme and outrageous conduct, Plaintiff suffered severe emotional distress, including but not limited to feelings of helplessness, fear, humiliation, anxiety, and frustration.

69. As a direct and proximate result of Defendants' intentional and egregious conduct, Plaintiffs suffered severe emotional distress, endured a diminished quality of life, and lost the enjoyment of daily life; Plaintiff suffered both physical and emotional damages.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court find that Defendants intentionally inflicted emotional distress upon Plaintiff and award Plaintiff her damages, including compensatory, exemplary, and punitive damages, and the costs of this action, including reasonable attorney's fees and costs, in an amount of not less than two million dollars, including damages for physical and emotional injuries.

## CONCLUSION

WHEREFORE, Plaintiff Victoria Sallie prays that this Honorable Court find in her favor and order the following:

a. Find that Defendants violated the Elliott-Larsen Civil Rights Act.

b. Find that Defendants violated Title IX.

11

c. Find that Defendants wrongfully and retaliatorily discharged Plaintiff in violation of public policy.

d. Find that Defendants intentionally inflicted emotional distress upon Plaintiff.

e. Award Plaintiff all appropriate compensation, fines, and penalties against Defendants available under law.

f. Award Plaintiff economic and non-economic damages based on the violations detailed herein.

g. Award Plaintiff compensatory damages.

h. Award Plaintiff punitive damages.

i. Award Plaintiff exemplary damages.

j. Award Plaintiff past, present, and future lost wages, benefits, retirement benefits, and total compensation.

k. Award Plaintiff her attorney fees and costs.

l. Provide any other relief to Plaintiff that this Honorable Court deems fit.

Dated: March 3, 2026

DELAPORTE LYNCH, PLLC

By: _____

Eric D. Delaporte (P69673)
Gina E. Goldfader (P86863)
210 State St., Suite B
Mason, MI 48854
(517) 999-2626
Eric@DelaporteLynch.com
Gina@DelaporteLynch.com

12

## STATE OF MICHIGAN

## 2ND JUDICIAL CIRCUIT COURT OF BERRIEN COUNTY

VICTORIA SALLIE,

Plaintiff,

v.

BENTON HARBOR AREA SCHOOLS,
KELVIN BUTTS, in his individual and official capacity;
MARVIN MCDERMOTT, in his individual and official capacity;
FRED ROSEBURGH, in his individual and official capacity;
DEMARCUS BLAND, in his individual and official capacity;
JIMMY CALDWELL, in his individual and official capacity;

Defendants.

Case No.  2026-0077 CZ
Hon.

CHARLES T. LASATA

Eric D. Delaporte (P69673)
Gina E. Goldfaden (86863)
DELAPORTE LYNCH, PLLC
Attorney for Plaintiff
210 State St., Suite B
Mason, MI 48854
(517) 999-2626
eric@delaportelynch.com
gina@delaportelynch.com

DUPLICATE ORIGINAL

## JURY DEMAND

13

Pursuant to MCR 2.508, Plaintiff Victoria Sallie requests that these counts incorporated herein be tried by a jury.

Dated: March 3, 2026

DELAPORTE LYNCH, PLLC

By: _____

Eric D. Delaporte (P69673)
Gina E. Goldfaden (P86863)
210 State St., Suite B
Mason, MI 48854
(517) 999-2626
Eric@DelaporteLynch.com
Gina@DelaporteLynch.com

15

JIS Code: OSF

| STATE OF MICHIGAN | | FEE WAIVER REQUEST | CASE NO. and JUDGE |
|---|---|---|---|
| | JUDICIAL DISTRICT | | 2026-0077 -CZ |
| 2nd | JUDICIAL CIRCUIT | | Hon. CHARLES T. LASATA |
| | COUNTY | | |

**Court address**
811 Port Street, 3rd Floor, St. Joseph, MI 49085

**Court telephone no.**
Phone: 269-982-8683

| Plaintiff/Petitioner's name, address, and telephone no. | | Defendant/Respondent's name, address, and telephone no. |
|---|---|---|
| VICTORIA SALLIE | V | BENTON HARBOR AREA SCHOOLS; KELVIN BUTTS, in his individual and official capacity; MARVIN MCDERMOTT, in his individual and official capacity; FRED ROSEBURGH, in his individual and official capacity; DEMARCUS BLAND, in his individual and official capacity; JIMMY CALDWELL, in his individual and official capacity. |

| Plaintiff/Petitioner's attorney, bar no., address, and telephone no. | Defendant/Respondent's attorney, bar no., address, and telephone no. |
|---|---|
| Eric D. Delaporte (P69673); Gina E. Goldfaden (P86863)<br>Delaporte Lynch, PLLC<br>210 State St.<br>Mason, MI 48854<br>(517) 999-2626 | |

In the matter of: _____

**Instructions:** Complete this form and file it with the court. If this request is filed by a prisoner, a certified statement of the prisoner's trust account showing a current balance and a 12-month history of deposits and withdrawals must accompany this form. After you receive a decision on your request, you must serve your request and the decision on the other party(ies).

I, _____, request a waiver of my filing fees for the following reason: (Check 1, 2, or 3)
  Print or type your name

☒ 1. I receive the following type(s) of public assistance because of indigence:
  ☐ Food Assistance Program through the State of Michigan (also known as FAP or SNAP)
  ☑ Medicaid (including Healthy Michigan, CHIP, and ESO)
  ☐ Family Independence Program through the State of Michigan (also known as FIP or TANF)
  ☐ Women, Infants, and Children benefits (WIC)
  ☐ Supplemental Security Income through the federal government (SSI)
  ☐ Other means-tested public assistance: _____

  My public assistance case number(s) (if any) is 64232023 _____.
    Write "none" if no case number. Do not write your Social Security Number

☐ 2. I am represented by a legal services program or I receive assistance from a law school clinic because of indigence.
  The name of the legal services program or law school clinic is
  _____.

☐ 3. I am unable to pay the fees and I did not check item 1 or 2 above.

  My gross household income is $ _____ every _____.
                                                  Week/Two weeks/Month/Year
  The number of people in my household is _____.

  My source of income is _____.
  List assets and their worth, such as bank accounts. If you need more space, attach a separate sheet.

  List obligations and how much you pay, such as rent or other debts. If you need more space, attach a separate sheet.

I declare under the penalties of perjury that this request has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| March 3, 2026 | Victoria Sallie (Mar 3, 2026 21:35:14 EST) |
|---|---|
| Date | Signature |

Approved, SCAO
Form MC 20, Rev. 1/26
MCR 2.002
Page 1 of 2

Distribute form to:
Court
Applicant
Other parties
Friend of the court (when applicable)

SRA

Case No. _2026-0077 CZ_

**Fee Waiver Request**  (1/26)
Page 2 of 2

| CLERK WAIVER |

1. Payment of filing fees is waived.

_Karen Feudo_  3/4/2026
Signature of court clerk and date

| ORDER |

**IT IS ORDERED:**

☐ 1. Payment of filing fees is waived because:
    ☐ a. Your gross household income is under 125% of the federal poverty guidelines.
    ☐ b. Your gross household income is above 125% of the federal poverty guidelines,
         but payment of the fees would constitute a financial hardship for you.
    ☐ c. Other:

    If you become able to pay the fees before this case is resolved, you must notify the court.

☐ 2. The fee waiver request is denied because:
    ☐ a. Your gross household income is above 125% of the federal poverty guidelines and payment of the fees
         would not constitute a financial hardship for you
    ☐ b. Other:

_____
Judge/Magistrate (when authorized) signature and date

| NOTICE |

**IF YOUR REQUEST WAS DENIED:** To continue your case and preserve your filing date, you have 14 days from the issue date below to pay the filing fees or request a review. To request a review, fill out a Request for Review of Denied Fee Waiver (form MC 114) and file it with the court.

_____
Issue date (completed by clerk)